UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 93-1471

 UNITED STATES OF AMERICA,

 Appellee,

 v.

 JOSE PARA,

 Defendant, Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF RHODE ISLAND

 [Hon. Francis J. Boyle, U.S. District Judge]
 

 

 Before

 Cyr, Circuit Judge,
 

 Bownes, Senior Circuit Judge,
 

 and Stahl, Circuit Judge.
 

 

 Damon M. D'Ambrosio and Martin D. Harris, Esquire, Ltd. on brief
 
for appellant.
 Edwin J. Gale, United States Attorney, Margaret E. Curran,
 
Assistant United States Attorney, and Gerard B. Sullivan, Assistant
 
United States Attorney, on brief for appellee.

 

 November 8, 1993
 

 Per Curiam. Appellant Jose Para was sentenced to a
 Per Curiam
 

three-year prison term and a three-year term of supervised

release on December 1, 1987, for distributing four and one-half

ounces of cocaine in violation of 21 U.S.C. 841(a)(1),(b)(1)(-

C), on or about May 6, 1987 ("first offense"). On or about

May 6, 1989, after Para had served two years of the three-year

prison term, the United States Parole Commission authorized his

release on parole. On February 2, 1992, while still on super-

vised release, Para was arrested for distributing a detectable

amount of heroin, in violation of 21 U.S.C. 841(a)(1),(b)(1)(C)

("second offense"). In 1993, Para was convicted and sentenced to

a sixteen-month prison term for the second offense. Following a

violation hearing before the district court in the wake of the

second offense, Para was sentenced to a consecutive sixteen-month

prison term for violating the supervised release term imposed in

connection with the first offense.

 We summarily reject Para's mischaracterization of the

plain language of the December 1, 1987, judgment of conviction

and sentence, as imposing a term of "special parole" rather than

a term of "supervised release." The judgment explicitly imposed

"a term of supervised release for a period of three years"

following Para's release from prison. Undaunted, Para insists

that, in fact, he must have been sentenced to a "special parole"

term, because he was paroled by the United States Parole Commis-

sion. "Special parole," prior to its elimination under the

Sentencing Reform Act of 1984 (SRA), Gozlon-Peretz v. United
 

States, 498 U.S. 395, 397 (1991), was a mandatory element in any
 

prison sentence imposed for a federal drug offense. The form of
 

parole on which Para was released from prison in 1989, however,

is merely a post-sentencing administrative ruling by the Parole

Commission that the defendant should be conditionally released

into the community prior to the completion of the full term of

imprisonment imposed by the sentencing court. See Morrissey v.
 

Brewer, 408 U.S. 471, 477 (1972).
 

 Para's alternate claim is that the sixteen-month prison

term the district court imposed in 1993 for committing the second

offense while on supervised release is an invalid ex post facto
 

punishment. See Hammond v. United States, 786 F.2d 8, 16 (1st
 

Cir. 1986). Para reasons that in May of 1987 the date of the

first offense a lawful term of supervised release could not

have been imposed, no matter what the judgment of conviction and

sentence stated, because the SRA did not take effect until

November 1, 1987, well after the commission of the first offense.

 This claim is foreclosed by Gozlon-Peretz, which held
 

that, "in the interim period between October 27, 1986, and

November 1, 1987, supervised release applies for all drug offens-

es in the categories specified by ADAA 1002" [Section 1002 of

the Anti Drug Abuse Act of 1986, Pub. L. No. 99-570, 100 Stat

3207]. 498 U.S. at 409. Since the first offense was for an ADAA

 1002 violation (distribution of cocaine in violation of 21

U.S.C. 841(a)(1),(b)(1)(C)) and ADAA 1002 became effective

upon its enactment on October 27, 1986, the district court

 3

correctly sentenced Para to a mandatory term of supervised

release on December 1, 1987, see 21 U.S.C. 841(a)(1), (b)-
 

(1)(C).

 The district court judgment is summarily affirmed. See
 

Loc. R. 27.1. 
 

 4